General Motors Acceptance Corporation v. Wigger.

(Decided June 13, 1933.)

BENTON, YUNGLUT, SCOTT & BENTON for appellant.
JAMES R. McGARRY for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Charles E. Burke on the 9th day of April, 1930, contracted with Nap P. Rogers, doing business under the firm name of the Covington Oldsmobile Company, for an Olds Duplex sedan at the price of $1,289; $395 of which was payable on or before delivery, and $894 payable at the office of the General Motors Acceptance Corporation, on May 9, 1930, in equal installments on the same day of each successive month. A conditional sales contract. was executed and delivered by Burke to Rogers, setting out the terms thereof with the provision that the title to the property shall not pass to the purchaser until the purchase price is fully paid in cash. Aonther clause stipulated that:

> "In the event the purchaser defaults in any payment due on this contract and/or any other contract held by the seller or General Motors Acceptance Corporation, or fails to comply with any condition of the contract * * * the full amount shall at the election of the seller be immediately due and payable."

Following the signature of Burke to the contract is printed, "Dealer's recommendation, assignment and guaranty." It was signed by Rogers. It contains a guaranty of the payment of the purchase price and provides that the liability of Rogers "shall not be affected by any settlement, extension of credit or variation of the terms of the within contract affected with the purchaser or any interested person."

Rogers therein waived notice of acceptance of the guaranty, and of nonpayment and nonperformance. Burke immediately took possession of the sedan and operated it until he defaulted in the payment of the installments. In the meantime Burke made numerous payments which are not involved in this action. The General Motors Acceptance Corporation acting under a provision in the conditional sales contract prepared to repossess the sedan when it discovered a general creditor of Charles E. Burke had attached it. At that time

there was due on Burke's contract $609. This action was instituted by the General Motors Acceptance Corporation in the Kenton circuit court to recover of Burke and Rogers the $609, on the facts as we have stated them. A general order of attachment was issued and levied by the sheriff of Kenton county on "One 1929 Oldsmobile Sport Coupe, motor No. F155196, Serial No. 2404," as the property of Rogers which was left in charge of Rogers at the place of business of the Covington Oldsmobile Company at 424 Scott street.

Rome Wigger on the 27th day of January, 1931, filed a petition to be made a party, wherein he alleged that on the 8th day of January, 1930, he purchased of Rogers "one two-door or 4 passenger 1929 Oldsmobile Coupe, Model F29, Chassis No. 2404, Motor No. 155196," and that as evidence of his purchase, Rogers executed and delivered to him on that day a bill of sale, when he paid him $350. By an amended petition he sets out that he had expended a $75 fee for the services of an attorney, and that he had been deprived of the use of the machine by reason of the attachment and thereby damaged $1,000. The General Motors Acceptance Corporation by appropriate pleadings traversed the allegations of his petition.

On a trial before a jury, a verdict was returned in favor of Wigger "for $483.90, and release of the car." The General Motors Acceptance Corporation has entered a motion for an appeal, insisting that it is admitted by Wigger and Rogers that after Wigger claims he purchased the automobile of Rogers there was no change in the possession; that it had no notice of his claim of purchase at the time of the issuance and levy of the attachment, and therefore his contract for, or purchase of, the machine of Rogers is within section 1908, Ky. Statutes, and invalid as against its attachment lien.

This action was filed on the 17th day of January, 1931. The bill of sale of Rogers and Wigger bears date the 8th of January, 1931. The attachment was levied on the automobile on the 17th day of January, 1931. It is admitted by Wigger in his pleading and in his testimony, and by Rogers in his testimony, that at the time of the issuance and levy of the attachment, the automobile covered by the bill of sale of Rogers to Wigger was in the possession of Rogers and that no actual or

other possession thereof had been taken by Wigger on the 17th day of January, 1931, or prior thereto. It is admitted by them that actual possession did not accompany the sale to Wigger, and it is abundantly shown that the General Motors Acceptance Corporation had no knowledge or information, at the time of the institution of this action and the issuance and levy of the attachment on the automobile, of the claim of ownership or contract of Wigger; nor is the prior existence or validity of its debt denied or disputed by Wigger or Rogers. Rogers filed an answer to the petition of the General Motors Acceptance Corporation attempting to set up a defense to its right to recover the $609. A demurrer to it was sustained, and a judgment entered against Burke and Rogers for the $609, interest and costs, reserving for future decision the right of Wigger to assert his claim to the automobile against the attachment levied on it. No question is now presented concerning the judgment against Burke and Rogers.

The automobile which Wigger claims he purchased of Rogers had been repossessed by the General Motors Acceptance Corporation and carried to Rogers' place of business where he overhauled it, the General Motors Acceptance Corporation paying the cost. He claims Wigger paid him $350 cash and that he immediately used the money with which to pay his pay roll; that he called the General Motors Acceptance Corporation and told it or its agent he would have the money in a few days, and the agent stated to him that would be all right. Rogers testified that Wigger, at the time he sold him the car, was too busy to take possession of it, and that Wigger stated it would be 15 days before he could come and get it. But that he came back Sunday thereafter and the attachment in this action had been levied on it. He admitted that the car had been repossessed by the General Motors Acceptance Corporation from Johnny McGarry because he was unable to meet the payments. He had no bill of sale from the General Motors Acceptance Corporation nor from McGarry of the automobile. The automobile had been sold by Rogers to McGarry under a conditional sales contract which had been assigned by Rogers to the General Motors Acceptance Corporation. He took the acknowledgment of himself to the bill of sale which he executed and delivered to Wigger. He was guarantor on the McGarry contract. Murphy, an agent of the General Motors Ac-

ceptance Corporation, attended to the repossessing for the corporation of the McGarry automobile. He says the car was owned by the General Motors Acceptance Corporation and that Mr. Rogers had no authority to sell it; that the car was left at his place of business for storage only and Rogers was under contract to pay the balance due from McGarry on the car, less the damage done by the collision. Rogers, however, paid the balance on the McGarry automobile on January 12, 1931, or five days before the filing of this action and the issuance of the attachment. This action did not concern the McGarry automobile until the attachment was levied on it. Rogers does not claim, nor is it admitted by Murphy, that at the time the balance was due on the McGarry automobile was paid, the General Motors Acceptance Corporation, or any one for it, had knowledge or notice, either directly or indirectly, that the money paid by Rogers to it was derived from the sale of the McGarry machine. It is argued by Wigger that, although the General Motors Acceptance Corporation had no knowledge or information of the sale of the McGarry automobile or of the fact the money had been received by Rogers therefor, as the balance due it, its attachment thereon is subordinate to the right and title of Wigger under his contract with Rogers. Conceding that the burden of proof was on the General Motors Acceptance Corporation to establish that as an attaching creditor, within the meaning of section 1906, Ky. Statutes, it was without notice, at the time of the issuance or levy of its attachment, it fully met the burden as to this issue. This court has held in an unbroken line of decisions that an absolute sale of personal property is in judgment of law per se fraudulent as to the creditors of the seller, unless the actual possession in good faith accompanies same at the time of the sale. See section 1908 and annotations.

It is admitted that the bill of sale executed and delivered by Rogers to Wigger was not recorded. By reason of this fact the issuance and levy of its attachment on the automobile in litigation, without notice of Wigger's bill of sale, on the part of the General Motors Acceptance Corporation, or its agents, brings this case within section 496, Ky. Statutes. Such unrecorded bill of sale, against innocent purchasers and creditors without notice, is invalid. It not being recorded, the attaching creditor having no actual knowledge or notice of its

existence, it is invalid as to the attachment levied on the subject of the contract. Munz v. National Bond & Investment Co., 243 Ky. 293, 47 S. W. (2d) 1055; Johnson v. Sauerman Brothers, 243 Ky. 587, 49 S. W. (2d) 331. On the authority of the cases cited herein and the proven facts, both sections 496 and 1908, as they have been construed frequently by this court, entitled the General Motors Acceptance Corporation to a peremptory instruction. Other questions are presented, but in view of the conclusion we have reached, we do not deem it necessary to consider them.

Because of the error indicated, the motion for an appeal is sustained, the appeal granted, and the judgment reversed for proceedings consistent with this opinion.